# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES MATHEW COOPER     ] | |
| ] | |
| Plaintiff,     ] | |
| ] | |
| ] | |
| v.     ] | CASE NO.: CV-05-HS-0379-S |
| ] | |
| STATE OF ALABAMA     ] | |
| ] | |
| Defendant.     ] | |

## Memorandum of Opinion

**I.     INTRODUCTION**

This is a civil action filed on February 18, 2005, by the Plaintiff, James Mathew Cooper, against the Defendant State of Alabama. *Complaint*, at 1. The Complaint characterizes the action as a "violation of civil rights" pursuant to 42 U.S.C. § 1983 and invokes jurisdiction pursuant to 28 U.S.C. § 1343. *Id.* at 2. The complaint alleges generally sex discrimination and race discrimination. *Id.* at 9.

This case is presently before the Court on the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 4)  For the reasons stated herein, the motion will be **GRANTED**.

**II.    STANDARD OF REVIEW FOR MOTION TO DISMISS**

> We accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* Dismissal pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 256 F.3d at 1283-84 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

*Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

**III. ANALYSIS**

Eleventh Amendment immunity bars claims against the State and its entities under § 1983, *Quern v. Jordan*, 440 U.S. 332, 342 (1979). The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Amendment also bars suits against a State by that State's own citizenry. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15(1890).

In his brief in opposition to Defendant's Motion to Dismiss, Plaintiff sites *Monell v. New York City Dept. Of Social Services*. 436 U.S. 658 to support his claim that States are subject to the liabilities and obligations of 42 U.S.C. § 1983. The Supreme Court in *Monell*, however, imposed the liabilities and obligations of § 1983

on local government units only. The Court stated "[o]ur holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Monell v. New York City Dept. Of Social Services*. 436 U.S. at 691, footnote 54.

Although the Complaint clearly states the facts which Plaintiff says show that his Constitutional rights have been violated, the Eleventh Amendment deprives this Court of jurisdiction. The Eleventh Circuit has addressed this very issue in *Cross v. State of Alabama, State Dept. Of Mental Health and Mental Retardation,* 49 F.3d 1490 (11th Cir. 1995). There, the Court wrote:

> "The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a State, except where the State has consented to be sued or waived its immunity, or where Congress has overriden the state's immunity." *Lassiter v. Alabama A & M University*, 3 F.3d 1482, 1485 (11th Cir. 1993). "Congress has not abrogated Eleventh Amendment immunity in section 1983 cases." *Carr v. City of Florence, Alabama,* 916 F.2d 1521, 1525 (11th Cir. 1990). Alabama has not waived its immunity. *E.g. Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Thus, the Eleventh Amendment bars appellee's section 1983 suit against the State of Alabama.

*Id*. at 1502.

Therefore, the Court holds that the Plaintiff's suit against the State of Alabama is due to be dismissed.

## IV. CONCLUSION

For the above stated reasons the Motion to Dismiss will be **GRANTED.**

**DONE** this 18th day of May, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge